**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2317

_____

KEYLIN YOLANDA RIVERA-AMAYA;
ARNOL OBENIEL RIVERA-AMAYA a/k/a/ Arnul Obeniel Rivera-Amaya,
Petitioners
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(A206-684-658; A206-684-659)
Immigration Judge: Steven A. Morley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2021

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges*.

(Filed: March 23, 2021)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Keylin Rivera-Amaya and her brother, Arnol (collectively, Petitioners), seek review of the Board of Immigration Appeals' final order upholding an immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We will dismiss the petition in part and deny it in part.

I

Petitioners' asylum claims arise from a 2014 incident in their hometown in Honduras where they lived with their grandparents. While returning home late one January evening, Keylin was abducted by a local man named Eldean.[1] Eldean took Keylin to his house on the outskirts of town and held her overnight. The next morning, Eldean attempted to sexually assault Keylin, but he relented when one of his relatives intervened on Keylin's behalf. Later that day, after Keylin's grandparents came looking for her at Eldean's home, he moved her to a different location. While en route, Arnol— who had been searching for his sister since shortly after her abduction—came across Eldean and Keylin. Eldean released Keylin into Arnol's care without incident. From the time of Keylin's abduction through her safe return to her brother, the police were not called. Several days after the incident, Eldean gave Arnol an "evil stare," but did not otherwise engage him. A.R. 62.

---

[1] The record is inconsistent as to the spelling of Eldean's name. We adopt Petitioners' spelling.

In March 2014, Petitioners entered the United States illegally. Three days later, the Department of Homeland Security served Petitioners with notices to appear, alleging they were removable under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioners filed applications for asylum, withholding of removal, and protection under the regulations implementing the CAT. In May 2018, an IJ denied Petitioners' applications and ordered them removed to Honduras. Two years later, the BIA issued an opinion affirming the IJ's decision. This timely petition for review followed.

## II

We exercise jurisdiction over final removal orders under 8 U.S.C. § 1252(a)(1). Our jurisdiction is limited, however, to cases where a petitioner "has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see also Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003). "Because the BIA did not summarily affirm the IJ's order but instead issued a separate opinion, we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred to it." *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012). We review the BIA's legal conclusions de novo, *Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir. 2008), and its factual findings for substantial evidence, *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015).

## III

## A

To be eligible for asylum, Petitioners must demonstrate refugee status by showing they are "unable or unwilling to return" to Honduras "because of persecution or a well-

founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

Before the IJ and the BIA, Keylin claimed she was persecuted on account of her membership in a particular social group: "members of a family unit headed by a single woman." A.R. 3; *accord* A.R. 67. On appeal, Keylin does not challenge the IJ's and BIA's determinations that she was not a member of her proposed social group.[2] Instead, she now defines her social group as "young Honduran woman." Amaya Br. 13; *accord* Amaya Br. 3–4, 8, 14, 19. Because Keylin did not raise this social group before the IJ or BIA, we lack jurisdiction to consider it now. 8 U.S.C. § 1252(d)(1); *accord Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.").

Arnol's proposed social group—"members of his sister's family"—also fails. A.R. 3. For a family to qualify as a particular social group, there must be evidence of immutability, particularity, and social distinction. *Matter of L-E-A-*, 27 I. & N. Dec. 581, 588 (A.G. 2019) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Arnol has failed to produce such evidence, so his asylum claim fails for want of a social group.

B

---

[2] Both the IJ and the BIA noted that Keylin—who lived with her grandparents—was not a member of a family headed by a single woman.

Petitioners' claims for withholding of removal likewise fail. Because the standard for withholding of removal is higher than that for asylum, their failure to qualify for asylum renders them "necessarily ineligible for withholding of removal." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 544 (3d Cir. 2018) (quoting *Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 591 (3d Cir. 2011)).

C

Petitioners' claims for protection under the CAT are also unavailing. We agree with the BIA that Petitioners failed to establish "that it is more likely than not that they would be tortured if removed" to Honduras. *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005) (cleaned up). Keylin's abuser (Eldean) is not a government official. Nor is there evidence that government officials would instigate, consent to, or acquiesce in Petitioners' torture. *See id.*; *see also Myrie v. Att'y Gen.*, 855 F.3d 509, 515–16 (3d Cir. 2017). So they cannot obtain relief under the CAT.

IV

For the reasons stated, we will dismiss the petition in part and deny it in part.